IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARRY D. ROBBINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:20-CV-04080 |
| ) | |
| GLOBAL SPECTRUM, L.P., and ) | |
| ) | |
| MADSIDY, LLC d/b/a SCHENDEL ) | |
| LAWN AND LANDSCAPE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## FIRST AMENDED PETITION

COMES NOW the plaintiff, Larry D. Robbins, by and through counsel, Nicole M. Revenaugh of Irigonegaray, Turney, & Revenaugh, L.L.P., and for his cause of action against the defendants, Global Spectrum, L.P. and Madsidy, LLC d/b/a Schendel Lawn and Landscape, alleges and states:

1.    Plaintiff, Larry D. Robbins, is a resident of Shawnee County, Kansas.

2.    Defendant, Global Spectrum, L.P. is a foreign limited partnership registered to do business in the State of Kansas.

3.    Defendant Madsidy, LLC, is a domestic limited liability company incorporated and registered to do business in the State of Kansas.

4.    Upon information and belief, Defendant, Madsidy, LLC is doing business as Schendel Lawn and Landscape (hereinafter "Schendel Lawn and Landscape").

## STATEMENT OF FACTS

5.      On January 24, 2019, at approximately 11:30 a.m., Mr. Robbins drove to the Kansas Expocentre to attend the Greater Topeka Partnership's Annual Meeting, and parked his vehicle in an ADA-accessible parking space in the northernmost area of the parking lot outside the Maner Conference Center. When the event concluded around 1:00 p.m., Mr. Robbins proceeded outside to return to his car and suddenly and without warning slipped on ice in the handicap area of the parking lot, causing him to fall violently on his right arm and shoulder.

6.      As a result of the fall, Mr. Robbins has had to undergo medical treatment; suffered severe pain; suffered mental anguish; had to restrict his daily activities; incurred medical and related expenses; lost wages; and sustained permanent injury. Mr. Robbins' ability to lead a normal life and enjoy life has been adversely affected. These damages have been incurred to date and will continue to be incurred in the future.

7.      At all times material hereto, defendant Global Spectrum, L.P. was the owner and operator of the Kansas Expocentre located at One Expocentre Drive in Topeka, Shawnee County, Kansas.

8.      At all times material hereto, Global Spectrum, L.P. contracted with Schendel Lawn and Landscape to perform snow and ice removal services on the parking lots within Kansas Expocentre premises.

9.      At all times material hereto, Mr. Robbins was classified as an individual with a disability pursuant to the Americans with Disabilities Act (ADA).

10.     At all times material hereto, the accumulation of snow, ice, and/or freezing rain present on the Kansas Expocentre parking lot on January 24, 2019 was a dangerous condition on the premises.

## COUNT I

COMES NOW, the plaintiff, and for his cause of action against Defendant Global Spectrum, L.P., alleges and states:

11.     Plaintiff hereby incorporates the statements and allegations contained in paragraphs 1-10 herein by reference.

12.     Global Spectrum, L.P. had actual and/or constructive notice of the dangerous condition on the parking lot.

13.     Global Spectrum, L.P. had a duty to maintain its parking lot in a reasonably safe condition, had a duty to warn Mr. Robbins of the dangerous condition, and had a duty to repair the dangerous condition.

14.     Global Spectrum, L.P. negligently: (1) failed to maintain its premises in a reasonably safe condition; (2) failed to adequately warn Mr. Robbins of the dangerous condition on the premises; and (3) failed to repair the dangerous condition on the premises.

15.     Global Spectrum, L.P.'s failure to remove snow, ice, and/or freezing rain accumulation from the handicap aisle of the parking lot further violated 28 C.F.R.  § 36.211 and other provisions of the ADA.

16.     Global Spectrum, L.P.'s duty to maintain its premises in a reasonably safe condition is non-delegable. As such, Global Spectrum, L.P. is vicariously liable for the

negligent acts or omissions of any potential third-party subcontractors that Global Spectrum, L.P. may have contracted with to remove snow, ice, and/or freezing rain accumulation from the premises, including Schendel Lawn and Landscape.

17.     Mr. Robbins's aforesaid personal injuries and damages were directly and proximately caused by the negligence of Global Spectrum, L.P.

18.     As a result of Global Spectrum, L.P.'s negligence, Mr. Robbins has sustained damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE**, Larry D. Robbins prays for a judgment against the Global Spectrum, L.P., for an amount in excess of $75,000.00, for costs, and for all such further relief as the Court deems just and equitable.

## COUNT II

COMES NOW, the plaintiff, and for his cause of action against Defendant Madsidy, LLC d/b/a Schendel Lawn and Landscape, alleges and states:

19.     Plaintiff hereby incorporates the statements and allegations contained in paragraphs 1-10 herein by reference.

20.     Schendel Lawn and Landscape had a duty to maintain the Kansas Expocentre parking lot in a reasonably safe condition, had a duty to warn Mr. Robbins of the dangerous condition, and had a duty to repair the dangerous condition.

21.     Schendel Lawn and Landscape had actual and/or constructive notice of the dangerous condition on the parking lot on or before January 24, 2019.

22.    Schendel Lawn and Landscape negligently: (1) failed to maintain the premises in a reasonably safe condition; (2) failed to adequately warn Mr. Robbins of the dangerous condition on the premises; and (3) failed to repair the dangerous condition on the premises.

23.    Schendel Lawn and Landscape's failure to remove snow, ice, and/or freezing rain accumulation from the handicap aisle of the parking lot further violated 28 C.F.R. § 36.211 and other provisions of the ADA.

24.    Mr. Robbins's aforesaid personal injuries and damages were directly and proximately caused by the negligence of Schendel Lawn and Landscape.

25.    As a result of Schendel Lawn and Landscape's negligence, Mr. Robbins has sustained damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

26.    Pursuant to Administrative Orders 2020-PR-101 and 2021-PR-009, statute of limitations for all civil actions are lawfully suspended by the Chief Justice of the Kansas Supreme Court. Therefore, plaintiff's action against Schendel Lawn and Landscape arising out of injuries he sustained on January 24, 2019 is proper.

**WHEREFORE**, Larry D. Robbins prays for a judgment against Madsidy, LLC d/b/a Schendel Lawn and Landscape, for an amount in excess of $75,000.00, for costs, and for all such further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Nicole M. Revenaugh*
**NICOLE M. REVENAUGH, #25482**
IRIGONEGARAY, TURNEY,
& REVENAUGH, L.L.P.
1535 SW 29th Street, Topeka, KS 66611
nicole@itrlaw.com
785-267-6115 (ph)
785-267-9458 (fax)
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

**COMES NOW** the plaintiff, by and through counsel, and requests a trial by a jury of twelve on all issues in the above entitled matter.

*/s/ Nicole M. Revenaugh*
**NICOLE M. REVENAUGH, #25482**